### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

In Re: Granulated Sugar

Antitrust Litigation

MDL No. 24-3110 (JWB/DTS)

**PRETRIAL ORDER NO. 9:**
**Authentication of Documents**

Based on the files, records, and proceedings in this case, **IT IS HEREBY**

**ORDERED** that the following protocol shall govern the process of authentication of

documents for use at trial. This Order outlines an orderly, timely, and efficient process

for identifying those documents for which there exists no genuine or substantial issue as

to authenticity. Any party challenging the authenticity of a document must timely raise a

non-frivolous, good-faith objection to authenticity pursuant to the timeline set forth

below.

All documents identified for trial and produced in discovery by a party to this

action, or by a third party in response to a subpoena issued in this action, are presumed to

be authentic unless a party (including a producing party) provides written notice to all

parties that it challenges the authenticity of a document. The written notice shall state

with particularity the reason(s) why the party challenges the document's authenticity.

Documents obtained from governmental regulatory agencies shall be subject to the

same presumption of authenticity unless a party demonstrates a reasonable basis to

question their authenticity.

Electronic documents shall be presumed authentic unless the challenging party can

show a material discrepancy in metadata or other reasonable indicators of alteration.

1.    **Documents used in depositions**. Challenges to the authenticity of deposition exhibits must be raised within 30 days of the deposition in which the document was used, unless good cause is shown.

Any challenge to authenticity must:

a.  Be made in good faith and supported by a reasonable basis for disputing authenticity.

b.  Specifically identify the document at issue, the basis for the challenge, and any available supporting evidence.

c.  Be limited to documents for which there is a genuine dispute over authenticity.

Presumption of Authenticity:

Any document produced by a party in discovery or maintained in the ordinary course of business shall be presumed authentic, absent clear evidence of fabrication, tampering, or misidentification.

Resolution of Disputes:

a.  Before submitting any authenticity challenge to the Court, the parties must meet and confer to resolve disputes informally.

b.  If the dispute remains unresolved, the challenging party may file a motion to exclude, limited to documents for which there is a legitimate dispute over authenticity.

2.    **Documents attached as exhibits to any court filings**. Any party challenging the authenticity of a produced document or documents filed as an exhibit to any motion (but not used in any deposition) shall notify all other parties of its challenge and must state any authenticity objections within its responsive brief. If a responsive brief

2

is not allowed under the Local Rules, a letter stating a party's authenticity objections may be filed on CM/ECF within seven days of the filing of the exhibit.

3.      **Trial exhibits**. For trial exhibits that were neither used in a deposition nor filed with the Court, authenticity objections shall be made by motion no later than 60 days before trial unless otherwise specified in the Final Pretrial Order.

4.      **Failure to timely challenge authenticity**. A failure to raise a timely challenge to the authenticity of a document as required by this Order shall be deemed a waiver of any objection to the document's authenticity unless the party wishing to raise an untimely challenge establishes good cause for its failure to comply with the deadlines set by this Order.

5.      **"Good Faith" Certification**. A party challenging the authenticity of a document must certify that the challenge is made in good faith and is supported by a reasonable basis to doubt authenticity. Failure to do so may result in sanctions, including waiver of the challenge.

Date: February 20, 2025                    *s/ Jerry W. Blackwell*
                                           JERRY W. BLACKWELL
                                           United States District Judge

3